ESTATE OF EDITH P. GARLAND, CHARLES P. GARLAND, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105777. Promulgated May 28, 1942.

*Percy W. Phillips, Esq.*, for the petitioner.
*Charles P. Reilly, Esq.*, for the respondent.

#### OPINION.

SMITH: This proceeding involves a deficiency in estate tax of the estate of Edith P. Garland, deceased, in the amount of $7,946.69. All of the issues raised in the original petition and answer have been waived or settled by stipulation. At the hearing the respondent was granted leave to file an amendment to his answer in which he avers:

\* \* \* that in computing the deficiency set forth in the notice of deficiency the Commissioner of Internal Revenue erred in his method of computing the deduction for property previously taxed in that he ,used as a basis for computing said deduction an amount greater than the value of the decedent's interest in the estate of the prior decedent at the time of the death of said prior decedent.

The question thus raised is submitted on the following stipulation of facts:

1. Edith P. Garland died May 4, 1938.
2. Harry P. Garland died April 10, 1935. Edith P. Garland was the executrix and sole legatee of the Estate of Harry P. Garland.
3. Gross and net estate of Harry P. Garland as finally determined were:

Gross estate for Federal estate tax purposes _____ $617, 651. 33
Deductions: (exclusive of exemption) _____ 22, 458. 41
Specific bequests _____ none
                                                           _____
    Net estate _____ $595, 192. 92

The Federal estate tax liability on the above estate as finally determined was $63,742.93. The state inheritance and estate tax liability on the above estate was $13,807.72.

4. In the deficiency notice the gross estate of Edith P. Garland was determined to be $802,409.18. It is stipulated that the gross estate is $773,614.68. In the deficiency notice the deductions, exclusive of the statutory exemption and before any deductions for previously taxed property, were determined to be $49,019.46. It is stipulated that such amount should be $26,324.96.

5. There has been included in the gross estate of Edith P. Garland, property received by her from the Estate of Harry P. Garland. The value at which such property was included in the gross estate of Harry P. Garland and the value at which the same property was included in the gross estate of Edith P. Garland are as follows:

|  | Estate of Edith P. Garland | Estate of Harry P. Garland |
|---|---|---|
| Real estate and securities _____ | $604, 651. 84 | $567, 224. 95 |

At the date of death of Edith P. Garland there remained unpaid liabilities of the Estate of Harry P. Garland in the amount of $14,031.50, said liabilities consisting of the unpaid portion of the items of $22,458.41, $63,742.93 and $13,807.72 referred to in paragraph 3 above. To the extent of $35,551.18, debts of the Estate of Harry P. Garland, expenses of administration thereof and taxes thereon had been paid from income or capital gains of his estate before the death of Edith P. Garland.

6. The only question presented to the Board for decision is the determination of the proper amount to be used as a deduction for previously taxed property. All other issues are waived or disposed of by this stipulation.

An estate tax return was filed on behalf of decedent's estate with the collector of internal revenue for the district of Maine.

It is the respondent's contention that in determining decedent's net estate the deduction allowable under section 303 (a) (2) of the 1926 Act, as amended, on account of property previously taxed in the estate of the prior decedent is limited to the value of decedent's interest in the estate of the prior decedent at the time of such prior decedent's death. Specifically, respondent contends that the deduction allowable to the estate of this decedent on account of the previously taxed property should be computed as follows:

| | | |
|---|---|---|
| Gross estate (of prior decedent) | | $617,651.33 |
| Less: | | |
| Federal estate tax | $63,742.93 | |
| State inheritance tax | 13,807.72 | |
| Deductions | 22,458.41 | |
| | | 100,009.06 |
| Deductible from decedent's estate | | 517,642.27 |

Although it is stipulated that there fell into decedent's estate specific property which was included in the estate of the prior decedent at a value of $567,224.95 and in decedent's estate at a value of $604,651.84, respondent contends that the excess of the latter amount over $517,-642.27 represented an interest acquired by decedent after the prior decedent's death "as income beneficiary of the prior estate, and not an interest in the corpus of the prior decedent's estate." Respondent's contention, we think, does not comport with the plain provisions of the statute. Stripped of its impedimenta the statute, section 303 (a) (2) of the Revenue Act of 1926, as amended by sections 402 and 403 (a) of the Revenue Act of 1934, and by section 806 (a) of the Revenue Act of 1932, reads as follows:

SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) * * * by deducting from the value of the gross estate—

* * * * * * *

(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, * * * where such property

can be identified as having been received by the decedent * * * from such prior decedent by * * * bequest, devise, or inheritance, * * * This deduction shall be allowed only where * * * an estate tax imposed under this or any prior Act of Congress, was finally determined and paid by or on behalf of * * * the estate of such prior decedent, * * * and only in the amount finally determined as the value of such property in determining the value of * * * the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate, and only if in determining the value of the net estate of the prior decedent no deduction was allowable under this paragraph in respect of the property * * *. Where a deduction was allowed of any mortgage or other lien in determining the * * * estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this paragraph shall be reduced by the amount so paid. * * *

The deduction allowed is the value at which the property was taxed in the estate of the prior decedent, to the extent of its value in the present estate, reduced by the amount of any mortgage or lien thereon allowed as a deduction to the prior estate. There is no provision anywhere in the statute that the deduction allowable to the second decedent's estate must be reduced by any and all obligations of the estate of the prior decedent. In *Bahr* v. *Commissioner*, 119 Fed. (2d) 371; affirming *Estate of Eugene L. Bender*, 41 B. T. A. 80, the court said with reference to section 303 (a) (2) that:

* * * The language used is adapted to one or more particular pieces of property specifically given or inherited. It is not adapted to an unadministered estate as a whole. * * *

The provision that the deduction allowable must be reduced by the amount of any mortgage or other lien allowed as a deduction in computing the estate of the prior decedent obviously has no application here. The stipulated facts make no reference to any mortgage or lien on the specific property here involved or any other property of the prior decedent. It is stipulated merely that the gross estate for Federal estate tax purposes was $617,651.33 and that there were deductions (exclusive of exemptions) of $22,458.41. We do not know what these deductions comprised and can not assume that they were secured by any mortgage or lien on any of the assets of the prior decedent's estate.

The only provision of section 303 (a) (2) that might apply here to reduce the deduction allowable to decedent's estate on account of the previously taxed property below $567,224.95, the amount at which it was valued in the prior estate, is the provision that "this deduction shall be allowed only where * * * an estate tax imposed under this or any prior Act of Congress, was finally determined and paid by or on behalf of * * * the estate of such prior decedent." It is stipulated that at the death of Edith P. Garland there remained unpaid $14,031.50 of the liabilities of the estate of the prior decedent. The

stipulation does not show whether such unpaid liabilities included any of the $63,742.93 of Federal estate taxes of the prior decedent's estate or whether those taxes have since been paid. Petitioner concedes in his brief, however, that the amount of $14,031.50 should be deducted from the $567,224.95 in computing the amount allowable as a deduction to the decedent's estate because the decedent in effect was required to return that amount of the assets of the prior decedent's estate after they had been distributed to her. Petitioner thus concedes that the deduction properly allowable on account of the previously taxed property is $553,193.45 instead of $567,224.95, the amount allowed in the deficiency notice.

The respondent in his brief cites *Estate of Eugene L. Bender, supra,* as authority for his contentions in the present case. In that case the decedent acquired the assets of the estate of a prior decedent who died within less than four months of the date of death of the prior decedent. We held that the second decedent was not entitled to deduct from the gross estate the debts and taxes due from the prior decedent's estate. That question is not before us in the instant case. The petitioner here is claiming no deduction of any liabilities of the prior decedent's estate, but only the deduction of the value of property taxed in the prior decedent's estate. A question was raised in the *Bender* case as to the amount of the deduction to which the estate of the second decedent was entitled under section 303 (a) (2), but was not deemed essential to our determination in that case and was not ruled upon. See discussion, 41 B. T. A. 82.

On the basis of the stipulated facts and the concession made by the petitioner in his brief, we determine that the amount of $553,193.45 is deductible from decedent's gross estate on account of the previously taxed property.

*Decision will be entered under Rule 50.*