Constance C. Churchill, Purported Transferee and Beneficiary of the Estate of Clara E. Cline, Deceased, et al. [1] v. Commissioner. Churchill v. Commissioner
Docket Nos. 109586, 109587, 109588, 109589.
United States Tax Court
1944 Tax Ct. Memo LEXIS 319; 3 T.C.M. (CCH) 265; T.C.M. (RIA) 44086; March 23, 1944
*319 Todd W. Johnson, Esq., 433 S. Spring St., Los Angeles, Calif., for the petitioner. Harold D. Thomas, Esq., for the respondent. ARNOLD Memorandum Opinion ARNOLD, Judge: These consolidated transferee proceedings involve an estate tax deficiency of the Estate of Clara E. Cline, deceased, in the amount of $17,346.08, determined by the respondent and claimed as due from each petitioner as transferee of said estate. Each petitioner is a resident of Los Angeles County, California. The Estate of Clara E. Cline has not been made a party to these proceedings and we will consider the estate tax liability of the estate only to the extent necessary to determine whether the petitioners herein are liable for the asserted deficiency. All but one of petitioners' allegations of error have been settled by stipulation and will be taken into account in a recomputation under Rule 50. The question remaining for determination is whether the respondent erred in disallowing a deduction for prior taxed property, under section 303(a)(2) of the Revenue Act of 1926, as amended by section 806 of the Revenue Act of 1932 and section 402 of the Revenue Act of 1934, [2] by reducing the value of said prior taxed property *320 to the extent of income from the estate of the prior decedent which had been utilized prior to distribution thereof to pay debts and charges, estate and inheritance taxes due from the estate of said prior decedent. *321 The cases were submitted upon stipulated facts, oral testimony, and one exhibit submitted at the hearing. Petitioners' counsel testified at the hearing, upon the basis of his own knowledge and experience, as to the prior practice of the Commissioner of Internal Revenue in dealing with questions similar to the one herein. This testimony was heard subject to respondent's objection and thereafter a motion to strike was made. We now sustain the objection on the grounds of immateriality and incompetency, grant the motion to strike, and exception thereto is noted. We find the facts as stipulated and state herein only so much thereof as are necessary for a proper understanding of the question involved. [The Facts] Clara E. Cline was the sole residuary legatee under the last will and testament of Walter B. Cline, who died on July 22, 1932. During the administration of the latter's estate, and prior to distribution of its residue, said estate received ordinary income amounting to $311,184.36. Of this amount, $225,000 was utilized, together with other cash in the estate, to pay debts and charges of $153,438.56, Federal estate tax (including $2,620.88 interest) of $188,699.20, and *322 California inheritance and estate tax (including $258.15 interest) of $84,299.01. There were no debts or liabilities of the Estate of Walter B. Cline secured by mortgage or other liens which were allowed as deductions in determining the Federal estate tax on his estate. The gross estate of Walter B. Cline, as finally determined for Federal estate tax purposes, was $1,937,339.40, less deductions (exclusive of specific exemption) of $153,438.56, leaving a net estate of $1,783,900.84. Clara E. Cline died on August 15, 1936, leaving a gross estate valued for Federal estate tax purposes at $2,443,326.59. The Federal estate tax return was filed by the executor with the collector of internal revenue, Los Angeles, California, on October 19, 1937, and a total of $231,104.10 in estate tax, plus some interest, has been paid. Included in the gross estate was certain property received by Clare E. Cline upon distribution of the Estate of Walter B. Cline, which had been included in his estate at a value of $1,386,016.50 and in her estate, by the deficiency notices mailed to petitioners herein, at a value of $2,084.293.55. The petitioners herein are the residuary legatees under the last will and *323 testament of Clara E. Cline and on or before December 31, 1938, they received all of the property remaining in her estate after payment of specific bequests, debts, taxes and other charges. On November 14, 1940, the parties, styling themselves as "residuary beneficiaries of the Estate of Clara E. Cline", filed a claim for refund with the collector of internal revenue, Los Angeles, California, claiming an alleged overpayment by the Estate of $84,766.18 in Federal estate tax. The respondent contends in these proceedings that for the purpose of ascertaining the deduction available to the Estate of Clara E. Cline for property previously taxed, the gross estate of the prior decedent, Walter B. Cline, should be reduced by the amount of debts and charges, estate and inheritance taxes paid by the prior estate, notwithstanding that to the extent of $225,000 said debts, charges and taxes were paid out of income of the estate received during the period of administration, and the balance was paid out of other cash on hand, no property of the estate being sold for that purpose. It is the respondent's position that the deduction for property previously taxed cannot exceed the gross estate as reduced *324 under his computation. The petitioners contend that the prior taxed property should not be valued for the purpose of computing the deduction at less than the amount at which it was included in the prior decedent's estate. The respondent's contention is admittedly the same as that advanced by him and rejected by us in Estate of Edith P. Garland, 46 B.T.A. 1243, affd. (C.C.A., 1st Cir., 1943), 136 Fed. (2d) 82. Here, as there, the respondent relies principally upon Estate of Eugene L. Bender, 41 B.T.A. 80, affd. sub nom. Bahr et al. v. Commissioner, (C.C.A., 5th Cir., 1941), 119 Fed. (2d) 371; certiorari denied, 314 U.S. 650 (1941). The distinction between the Bender case and the Garland case, equally applicable here, was pointed out by us and the Circuit Court in the latter case and needs no further comment. No new arguments have been made which merit discussion. In Commissioner v. Garland, supra, the Circuit Court of Appeals said: In effect what the Commissioner asks us to do is to go beyond the permissible limits of *325 statutory interpretation and to write into § 303 (a) (2) a further proviso that in no event may the allowable deduction exceed the interest of the present decedent in the estate of the prior decedent as of the date of the latter's death. Neither in the wording of the statute nor in its legislative history do we find any support for the Commissioner's assertion that the statute was never intended to place the second decedent in a better position from an estate tax viewpoint than would have been the case had the obligations of the first estate been satisfied in full by liquidation of property included in the gross estate instead of being satisfied in whole or in part out of income earned by the estate during administration. Obviously, [the present decedent's] estate is better off by reason of the fact that [the prior decedent's] estate after his death earned income which could be applied to satisfy the obligations of the estate. If there had been no such income, part of the real estate or securities would have had to be sold to satisfy the tax and other obligations of [the prior decedent's] estate and thus would not have been found in [the present decedent's] estate as identifiable *326 property derived by devise or bequest from the prior estate. Insofar as [the present decedent's] estate gains any advantage under the circumstances it is an advantage resulting from the unambiguous language of § 303 (a) (2). Upon the authority of the Garland case, we hold for the petitioners on the issue presented for determination. Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Hooper D. Churchill; Alice C. Guthrie; and Stanley W. Guthrie; all as Purported Transferees and Beneficiaries of the Estate of Clara E. Cline, Deceased.↩
2. Sec. 303. For the purpose of the tax the value of the net estate shall be determined - (a) * * * by deducting from the value of the gross estate - * * * * *
(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, * * * where such property can be identified as having been received by the decedent * * * from such prior decedent by * * * bequest, devise, or inheritance, * * *. This deduction shall be allowed only where * * * an estate tax imposed under this or any prior Act of Congress, was finally determined and paid by or on behalf of * * * the estate of such prior decedent, * * * and only in the amount finally determined as the value of such property in determining the value of * * * the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate, and only if in determining the value of the net estate of the prior decedent no deduction was allowable under this paragraph in respect of the property * * *. Where a deduction was allowed of any mortgage or other lien in determining the * * * estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this paragraph shall be reduced by the amount so paid. * * *↩